**Rexford G. CASSIDY, Petitioner,**

**v.**

**Lt. EDWARDS, Danville City Prison Farm, Respondent.**

**Civ. A. No. 74–C–33–D.**

United States District Court,
W. D. Virginia,
Danville Division.

April 11, 1975.

William H. Fuller, III, Commonwealth's Atty., Danville, Va., for respondent.

OPINION and JUDGMENT

DALTON, District Judge.

This action is before the court on remand from the United States Court of Appeals for the Fourth Circuit which vacated this court's dismissal order of June 11, 1974. The action was initially filed on June 6, 1974, and was treated as a suit arising under 42 U.S.C. § 1983. Petitioner complained that 1) he had been locked in a cell with windows welded together and the door closed; 2) he was made to sleep on a bed without sheets; 3) Lt. Edwards made noise outside his cell; 4) Lt. Edwards took his guitar, law books, educational books, magazines, and bible from his cell; and

5) he was given watery gravy and oatmeal with no sugar. In the dismissal order of June 11, 1974, this court dismissed the action as repetitive of a similar complaint filed with this court. The Fourth Circuit on appeal noted that the allegations had never been brought before this court, although petitioner has filed over eight complaints with this court. After reviewing the various files the court agrees with the Fourth Circuit's determination that the allegations contained in this present action have never been previously presented to this court. Therefore, per directive of the Fourth Circuit, this court will consider the allegations on their merits.

Lt. Edwards has filed an affidavit denying each of prisoner's allegations. He avers that although the lower windows of the sick bay in which petitioner was incarcerated are welded together, the upper windows remain open to allow ventilation. He further avers that the only time petitioner's sheets were taken resulted from petitioner's having torn the sheets and stuffed them down his commode. Respondent states that he has never made noise with the intention of depriving petitioner of his sleep. Respondent categorically denies that he ever took petitioner's guitar, law books, educational books, magazines, or Bible. "The only thing withheld from him was pornographic material." Finally, respondent states that petitioner "received the same food as did the other inmates" and was not served watery gravy and oatmeal without sugar.

The court holds that allegations 1, 2, 3 and 5 do not arise to constitutional deprivations even assuming their veracity. As to the more serious allegation 4, the court finds no factual support for this broad assertion. Regarding the seizure of petitioner's guitar, it is relevant to note that petitioner, now incarcerated at Camp #24 in Moneta, Virginia, has brought a new action, Rexford Garland Cassidy v. Guard Calvin Byrd, Civil Action #75-0015(L), alleging that Guard Calvin Byrd deprived him of his guitar. It is apparent that somehow petitioner has regained his guitar since he brought the present action.

The court finds that this action should be dismissed for the above reasons and orders the case dismissed and stricken from the docket. Petitioner is advised that he may appeal this judgment by filing a notice of appeal with this court within thirty (30) days.